IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ANTHONY L. CARMOUCHE, | § § § § | |
| *Plaintiff*, | | |
| vs. | § § § | CIVIL ACTION NO. 3:18-cv-00492-SDD-RLB |
| CIGNA HEALTH AND LIFE INSURANCE COMPANY, | § § § § | |
| *Defendant*. | § | |

**JOINT MOTION TO TRANSFER**

Pursuant to 28 U.S.C. §§ 1404 and 1406, Plaintiff Anthony L. Carmouche and Defendant Cigna Health and Life Insurance Company[1] ("CHLIC") respectfully request that the Court transfer this case to the Lafayette Division of the United States District Court for the Western District of Louisiana.

Plaintiff originally filed this lawsuit in the 19th Judicial District Court for East Baton Rouge Parish pursuant to Article 42 of the Louisiana Code of Civil Procedure, which mandates that actions against foreign insurers be brought in East Baton Rouge Parish. CHLIC removed this case on April 23, 2018, pursuant to 28 U.S.C. §§ 1331 and 1332, and clarified that the disability benefits Plaintiff seeks are provided pursuant to a self-funded employee benefit plan. Neither CHLIC nor LINA are insurers in connection with the plan. Rather, LINA only provides administrative services in connection with processing claims under the plan. Accordingly, Article 42 of the Louisiana Code of Civil Procedure does not require that this action be maintained in East Baton Rouge Parish.

---

[1] As noted in Defendant's Notice of Removal, the actual claims administrator for the plan that provides the benefits that Mr. Carmouche seeks is Life Insurance Company of North America ("LINA"), an indirect subsidiary of Cigna Corporation. Cigna Health and Life Insurance Company is a separate corporation that has been misidentified as a defendant and is wholly unrelated to the plan under which Mr. Carmouche seeks benefits.

On the other hand, Plaintiff resides in Lafayette Parish, and a substantial part of the events giving rise to Plaintiff's claim occurred in Lafayette Parish.  Thus, under either Article 42 of the Louisiana Code of Civil Procedure, Louisiana's general venue provision, or 28 U.S.C. § 1391, the federal general venue statute, venue is proper in the Western District.  Further, if as CHLIC claims, Plaintiff's claims are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, the Middle District of Louisiana would not be a district of proper venue under ERISA's venue provision because it is not the district where the relevant plan is administered, where the alleged breach took place, or where CHLIC resides or may be found.  *See* 29 U.S.C. § 1132(e).

The parties also agree that the Western District of Louisiana is a more convenient venue for this action and consent to transfer of the action there.  Plaintiff resides in Lafayette Parish, received medical treatment in connection with the disability he claims there, and received correspondence from LINA about his claim for disability benefits at his address in Lafayette Parish.  In addition, Plaintiff's counsel resides and has his office in Lafayette.  Accordingly, transferring the case to the Western District of Louisiana will reduce the potential travel burden and cost for Plaintiff and his counsel at a minimum, and CHLIC consents to the transfer.  *See* 28 U.S.C. § 1404 ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.").

For these reasons, the parties respectfully request that the Court transfer this case to the Lafayette Division of the United States District Court for the Western District of Louisiana.

| | |
|---|---|
| Date: May 31, 2018 | Respectfully submitted, |
| THE LAW OFFICE OF LAWRENCE C. BILLEAUD | BAKER BOTTS L.L.P. |
| By: */s/ Lawrence C. Billeaud (by permission)*<br>    Lawrence C. Billeaud — *Lead Attorney*<br>    Louisiana Bar Number 20106<br>    *Motion to appear pro hac vice forthcoming*<br>    706 West University Avenue<br>    Lafayette, Louisiana 70506<br>    Telephone: (337) 266-2055<br>    Facsimile: (337) 266-2056<br>    lawrencebilleaud@lawrencebilleaudlaw.com | By: */s/ Benjamin E. Gonsoulin*<br>    Michael B. Bennett — *Lead Attorney*<br>    Texas Bar Number 00796196<br>    *Motion to appear pro hac vice forthcoming*<br>    Benjamin E. Gonsoulin<br>    Louisiana Bar Number 34562<br>    Matthew G. Sheridan<br>    Texas Bar Number 24088404<br>    *Motion to appear pro hac vice forthcoming*<br>    BAKER BOTTS L.L.P.<br>    910 Louisiana Street<br>    Houston, Texas 77002<br>    Telephone: (713) 229-1209<br>    Facsimile: (713) 229-2709<br>    michael.bennett@bakerbotts.com<br>    ben.gonsoulin@bakerbotts.com<br>    matthew.sheridan@bakerbotts.com |
| ATTORNEY FOR PLAINTIFF ANTHONY L. CARMOUCHE | ATTORNEYS FOR DEFENDANT CIGNA HEALTH AND LIFE INSURANCE COMPANY |

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2018, a true and exact copy of the foregoing was sent contemporaneously with filing to counsel for Plaintiff listed below by electronic mail.

    Lawrence C. Billeaud
    706 West University Avenue
    Lafayette, Louisiana 70506
    Telephone: (337) 266-2055
    Facsimile: (337) 266-2056
    *lawrencebilleaud@lawrencebilleaudlaw.com*

    */s/ Benjamin E Gonsoulin*
    Benjamin E. Gonsoulin